**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Taijiana Mullen,** | : | **Civil Action No.** |
| **2007 S 60th Street** | : | |
| **Philadelphia, PA 19142** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **B2B GREEN CLEAN,** | : | |
| **520A Abbott Drive** | : | |
| **Broomall, PA 19008** | : | |
| **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, Taijiana Mullen (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against B2B Green Clean (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990, as amended ("ADA") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address who lived in the Commonwealth of Pennsylvania during her employment with Defendant.

3. Upon information and belief, Defendant B2B Green Clean is an eco-friendly cleaning

company with a location and corporate headquarters at 520A Abbott Drive, Broomall, PA 19008.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

2

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under the ADA and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on August 2, 2023, alleging disability and discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2023-07210 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated January 30, 2026.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and more than one year after filing her charge of discrimination, but within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. On August 1, 2022, Defendant hired Plaintiff in the position of Cleaning Technician.

21. Plaintiff was well qualified for her position and performed well.

22. On March 17, 2023, Plaintiff was involved in an automobile accident in which she sustained injuries that rendered her disabled.

23. As a result of Plaintiff's injuries, she was required to attend physical therapy, doctor's appointments and medical tests.

24. Plaintiff informed Defendant of her injuries and her appointments when she had to call off of work in order to attend them.

25. Defendant had no issues with Plaintiff taking days off in order to attend her medical appointments.

26. On or about July 10, 2023, Plaintiff called out of work in order to attend her MRI appointment.

27. Plaintiff was then diagnosed with bulging discs.

28. Bulging discs is a serious medical condition that is considered a disability under the Americans with Disabilities Act of 1990, as amended ("ADA") and the Pennsylvania Human Relations Act ("PHRA").

29. The major life activities affected by bulging discs, include, but are not limited to, performing manual tasks, lifting, standing and bending.

30. Plaintiff proceeded to inform Carla Schiavo, Owner, and Gina Last Name Unknown ("LNU"), Supervisor, of her diagnosis.

31. Schiavo and Gina stated to Plaintiff that they did not realize her injuries were so extensive from her automobile accident.

32. On July 16, 2023, Gina sent Plaintiff a text message that she was terminated due to being late to work and for six (6) unexcused absences.

33. Plaintiff had never received a discipline or warning for being late or for her absences prior to her termination.

34. Defendant discriminated against Plaintiff due to her disability and retaliated against her for requesting the reasonable accommodation of taking days off in order to attend medical appointments in violation of the ADA and the PHRA.

35. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – DISABILITY DISCRIMINATION**
**AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED**

36. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

37. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

38. Plaintiff was qualified to perform the job.

39. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

40. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

41. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

42. Plaintiff's disability motivated Defendant's decision to take adverse actions against Plaintiff.

43. The purported reason for Defendant's decision is pretextual.

44. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

45. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

46. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

47. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISABILITY DISCRIMINATION
## <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

48. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

49. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

50. Plaintiff was qualified to perform the job.

51. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

52. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

53. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

54. Plaintiff's disability motivated Defendant's decision to terminate Plaintiff.

55. The purported reason for Defendant's decision is pretextual.

56. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

57. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

58. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

59. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

60. Plaintiff engaged in activity protected by the ADA.

61. Plaintiff requested a reasonable accommodation in the form of being able to take days off in order to attend medical appointments due to her disability to Defendant.

62. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

63. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

64. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

65. Plaintiff engaged in activity protected by the PHRA.

66. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

67. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Taijiana Mullen, requests that the Court grant her the following relief against Defendant:

(a)    Compensatory damages;

(b)    Punitive damages;

(c)    Liquidated damages;

(d)    Emotional pain and suffering;

8

(e)     Reasonable attorneys' fees;

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA and the PHRA.

(j)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

9

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: March 24, 2026                    By:   */s/David M. Koller*
                                              David M. Koller, Esquire
                                              Jordan D. Santo, Esquire
                                              2043 Locust Street, Suite 1B
                                              Philadelphia, PA 19103
                                              215-545-8917
                                              davidk@kollerlawfirm.com
                                              jordans@kollerlawfirm.com

                                              *Counsel for Plaintiff*

10